# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1167 | **DATE** | 1/2/2003 |
| **CASE TITLE** | DARRYL WAYNE SHACKELFORD vs. ROADWAY EXPRESS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Roadway Express, Inc.'s motion for summary judgment [37-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 06 2003 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 1/2/2003 | |
| | Copy to judge/magistrate judge. | 03 JAN -3 AM 8:47 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DARRYL WAYNE SHACKELFORD, )
)
Plaintiff, ) No. 02 C 1167
)
v. ) Suzanne B. Conlon, Judge
)
ROADWAY EXPRESS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Darryl Wayne Shackelford ("Shackelford") sues Roadway Express, Inc. ("Roadway Express") for race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, Shackelford claims Roadway Express terminated him in November 2000 based on his race, but reinstated him shortly thereafter. According to Shackelford, Roadway Express subsequently terminated him in February 2001 based on his race and for filing a charge of discrimination. Roadway Express now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on Shackelford's claims of discrimination and retaliation.

## BACKGROUND

I.   **Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including, "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). Evidence submitted at summary judgment must be admissible at trial under the



Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Both parties failed to fulfill their obligations under Local Rule 56.1.

In its statement of facts, Roadway Express details Shackelford's disciplinary record leading up to his first termination. Def. Facts at ¶¶ 16-37. However, Shackelford's disciplinary record did not play any role in either decision to terminate his employment. Indeed, Roadway Express reinstated Shackelford after his first termination with full knowledge of his disciplinary record. Kaminski Dep. at 92. Thereafter, Shackelford did not receive any discipline until his second termination. Def. Facts at ¶ 70. The court will not consider these irrelevant facts in deciding Roadway Express' summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(facts that are irrelevant or unnecessary to summary judgment motion will not be considered).

Shackelford's statement of facts includes inadmissible evidence. Specifically, Shackelford relies exclusively on union steward Otis Moore's testimony to support his claim that Roadway Express treats similarly situated non-African American employees more favorably. *See* Pl. Facts at ¶¶ 15-26, 123-132. Moore's testimony falls into three distinct categories: (1) Roadway Express' discriminatory treatment of African American employees in general; (2) Roadway Express' discriminatory treatment of Shackelford; and (3) Roadway Express' treatment of drivers alleged to be similarly situated to Shackelford. Moore's testimony on all three fronts is fundamentally flawed.

Moore fails to provide any factual basis for his conclusion that Roadway Express treats its African American employees more favorably than its Caucasian employees in the terms and conditions of their employment. *See* Pl. Facts at ¶¶ 15-20 and 26. In general, Moore does not provide the details of any alleged discrimination, including names of perpetrators and their victims or the nature of the purported discrimination. *Id.* In the two instances where Moore names specific individuals, his testimony is inadmissible. Pl. Facts at ¶¶ 19 and 26. First, Moore claims Stanley Johnson (African American) told him of his intent to file a charge of discrimination. *Id.* at ¶ 19. Moore's testimony is inadmissible hearsay and cannot be considered on summary judgment. *See*

*Eisenstadt v. Centel Corp.*, 113 F.3d 738, 741 (7th Cir. 1997)(hearsay evidence is inadmissible on summary judgment). Second, Moore claims supervisor Mike Saviano followed African American drivers more often than Caucasian drivers. However, Moore admittedly does not know how often Saviano followed Caucasian drivers. Pl. Facts at ¶ 26; Moore Dep. at 151-52. Therefore, Moore's unsupported opinions of Roadway Express' treatment of its employees cannot be considered on summary judgment. *See Uhl v. Zalk Josephs Fabricators, Inc.*, 121 F.3d 1133, 1137 (7th Cir. 1997)("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim").

Nor does Moore provide a factual basis for his belief that Roadway Express targeted Shackelford for termination because of his race. Pl. Facts at ¶¶ 21-25. Conjecture and speculation regarding the employer's motives cannot be used to defeat summary judgment. *Abioye v. Sunstrand Corp.*, 164 F.3d 364, 367 (7th Cir. 1998). Therefore, the court cannot consider Moore's unsubstantiated opinion that Shackelford was discriminated against based on his race.

Finally, Moore fails to provide any basis for his knowledge that Roadway Express disciplined similarly situated non-African American employees differently than Shackelford. Pl. Facts at ¶¶ 123-132. Indeed, Moore does not know what, if any, discipline these alleged similarly situated employees received. Moore Dep. at 142. Absent a showing of personal knowledge, Moore' conclusion that Roadway Express treated non-African American employees better than African American employees, including Shackelford, must be disregarded. *See Abioye*, 164 F.3d at 367 (court may disregard conclusory statements regarding comparatives where personal knowledge has not been established).

Shackelford's response to Roadway Express' statement of facts fails to comply with Local Rule 56.1. Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). All relevant facts denied without supporting documentation

3

must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993).

Shackelford's response to paragraph 45 of Roadway Express' statement of facts fails to cite record evidence supporting his denial. In his response, Shackelford cites the testimony of Emanuel Robinson and an exhibit from Saviano's deposition to deny Roadway Express' statement that "Shackelford did not demonstrate for Work Methods Coordinator Mike Saviano how the injury occurred." Neither citation supports the denial. In the memorandum attached as an exhibit to Saviano's deposition, Saviano states Shackelford "basically [told Saviano] that he doesn't need to [demonstrate how the injury occurred] and walked away." Saviano Dep. at Ex. 3. When Saviano asked him where he was going, Shackelford told him, "you don't tell me when to do anything." *Id.* Robinson's testimony does not contradict Saviano's version of the events. Robinson specifically testified that he does not know whether Shackelford demonstrated how the injury occurred because he was not present. Robinson Dep. at 52-54. Absent any evidence to the contrary, Roadway Express' factual statement in paragraph 45 is deemed admitted.

## II.  Facts

All facts are undisputed unless otherwise noted. Shackelford, who is African American, worked for Roadway Express as a pick-up and delivery driver at the Roadway Express terminal located at 3434 W. 51st Street in Chicago, Illinois ("Terminal 311"). The International Brotherhood of Teamsters, AFL-CIO, Local 705 ("Local 705") represents Terminal 311 pick-up and delivery drivers, including Shackelford. A collective bargaining agreement ("CBA") between Roadway Express and Local 705 governed the terms and conditions of Shackelford's employment. The CBA includes a three step grievance procedure to address any dispute between an employee and Roadway Express, including termination. Specifically, the CBA requires the union steward to discuss the grievance with management. If the parties cannot reach a mutually satisfactory resolution, the grievance is submitted to a joint grievance committee comprised of neutral members from the

trucking industry. If the joint grievance committee cannot reach an agreement, Local 705 may submit the grievance to arbitration.

During his employment at Terminal 311, Shackelford's union steward was Otis Moore. Shackelford was supervised by Roadway Express dispatchers, including dispatch supervisor Emanuel Robinson. Robinson reported to driver superintendent David Kohler, who reported to terminal manager Glenn Kaminski. Kaminski also supervised work methods coordinator Mike Saviano. As part of his job duties, Saviano conducts surveillance of drivers and investigates equipment failure and injury.

On November 3, 2000, Shackelford telephoned Robinson to tell him the lift gate on his delivery truck had fallen on his foot. The parties dispute whether Shackelford informed Robinson that he needed medical attention. In any event, Shackelford drove his delivery truck back to Terminal 311. When he arrived, Shackelford was given route-related paperwork to complete. Shackelford did not appear injured to Robinson or Saviano. Approximately 25 minutes later, Robinson and Saviano asked Shackelford to return to his truck to demonstrate how his injury occurred. Once outside, Saviano asked Shackelford to demonstrate where he was standing when he operated the lift gate. According to Shackelford, Saviano began to yell and curse at him. Shackelford left the premises. Shackelford immediately went to the hospital for medical treatment. That same day, Shackelford filed a union grievance, claiming that management failed to provide him with medical assistance.

On November 7, 2000, Kaminski issued Shackelford a letter terminating his employment for voluntarily abandoning his job. Shackelford grieved his termination. Local 705 and Roadway Express resolved Shackelford's grievance at the first step of the grievance procedure by returning Shackelford to work. The next day, Shackelford filed a discrimination charge with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights, alleging race discrimination and harassment dating back to May 2000. Thereafter, Shackelford was taken off his regular route and reassigned as a floater. A floater covers the delivery routes of drivers on vacation.

On February 6, 2001, Kaminski received a telephone call from Roadway Express customer, Agnes Lee. Ms. Lee told Kaminski that the previous day, a Roadway Express driver had demanded a free pair of shoes, said "these Koreans are selling bitch shoes," and addressed Ms. Lee's husband as "Hey cocksucker." Ms. Lee told Kaminski that the name of the driver was "Shack" or "Shackley." Kaminski asked Ms. Lee to put her complaint in writing. At Kaminski's request, Ms. Lee prepared a written statement detailing her complaint. Following Ms. Lee's telephone call, Kaminski instructed Kohler to identify the driver who made the delivery to the Lees. After reviewing the records, Kohler determined Shackelford was the driver. On February 9, 2001, Kohler visited Ms. Lee and her husband to discuss her complaint against Shackelford. Kohler spoke with the Lees for approximately five to seven minutes.

On February 8, 2001, Kaminski and Kohler met with Shackelford to advise him of the Lees' complaint and asked him to explain his side of the story. Shackelford denied the Lees' allegations. The meeting lasted approximately two minutes. On February 13, 2001, Kaminski issued Shackelford a letter terminating his employment for gross misconduct toward a customer. That same day, Shackelford grieved his termination. The grievance was submitted to the joint grievance committee. The joint grievance committee deadlocked over Shackelford's grievance. The record does not reveal whether Local 705 submitted the grievance to arbitration.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby.*, 477 U.S. at 248. The summary

judgment standard is applied with special scrutiny to employment discrimination cases because the outcome may depend on determinations of credibility and intent. *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

**II.     Shackelford's *Prima Facie* Case**

**A.     November 2000 Termination – Race Discrimination (Count I)**

Title VII prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions or privileges of employment based on the employee's race. 42 U.S.C. § 2000e-2(a). Section 1981 similarly prohibits employment discrimination based on race. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 346 (7th Cir. 1999), citing *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). "While Section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical." *Von Zukerstein v. Argonne National Laboratory*, 984 F.2d 1467, 1472 (7th Cir. 1993). In order to prove a case of discrimination under Title VII or § 1981, Shackelford must offer either direct or indirect evidence of discrimination. *See Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Shackelford does not offer any direct evidence that Roadway Express terminated his employment because of his race. Instead, he relies on the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to establish his claims of race discrimination.

In order to establish a *prima facie* case of race discrimination, Shackelford must show: (1) he belongs to a protected class; (2) he met his employer's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999). Roadway Express argues that Shackelford cannot establish a *prima facie* case of race discrimination in connection with his November 2000 termination. Although Roadway Express concedes that Shackelford belongs to a protected class, Roadway Express claims he cannot establish the other elements of a *prima facie* case.

7

Roadway Express first contends that Shackelford did not meet its legitimate performance expectations because he voluntarily walked off the job during an accident investigation. "At the outset, this Court's inquiry into the issue of legitimate expectations is more aptly characterized as simply *bona fide* expectations, for it is no business of a court in a discrimination case to decide whether an employer demands "too much" of his workers. In other words, so long as the employer's employment expectations are in good faith, without fraud or deceit, we only determine if the employee met them." *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1090 (7th Cir. 2000). Shackelford has not presented any evidence that Roadway Express' expectation that he cooperate in the accident investigation was not in good faith. At the time of the request, Shackelford was completing paperwork in the office and did not appear injured to Saviano or Robinson. Thereafter, Shackelford went outside to meet with Saviano near his delivery truck. Notably, Shackelford does not claim his injury prevented him from cooperating in the investigation. Rather, he simply argues he was "within his rights" to refuse to participate. Response at 3. Shackelford's attempt to justify his response to Saviano's request does not establish he met Roadway Express' legitimate expectations. *See Fortier v. Ameritech Mobile Communications, Inc.*, 161 F.3d 1106, 1114 (7th Cir. 1998)(employee's subjective assessment of his performance does not create a genuine issue of fact as to the employer's contrary evaluation of the employee).

Even if Shackelford could establish his conduct conformed with Roadway Express' legitimate expectations, Shackelford has not presented any evidence that similarly situated employees outside his protected class were treated more favorably. Although Shackelford claims that other injured employees were not required to participate in accident investigations, Shackelford fails to demonstrate he is similarly situated to these unnamed injured employees. In order to establish he is similarly situated to the other injured employees, Shackelford must prove that he and the other employees "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly-Clark Corp.*, 219

F.3d 612, 617-18 (7th Cir. 2000). Shackelford fails to present any evidence that Saviano had the opportunity to conduct an accident investigation of a similarly-situated Caucasian employee who was injured and failed to do so. Contrary to Shackelford's position, the fact that he was the only employee required to participate in an accident investigation is insufficient to establish other employees were treated more favorably. *See Id.* at 618 ("Different employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable to establish a *prima facie* case of discrimination for the simple reason that different supervisors may exercise their discretion differently"). Shackelford's claim that two Caucasian employees received medical forms and were taken to the hospital after their injuries does not change this result. Shackelford fails to establish Saviano was involved in either incident. Absent evidence that Shackelford was similarly situated to the injured employees, Shackelford cannot establish a *prima facie* case of race discrimination in connection with his November 2000 termination.

**B.     February 2001 Termination - Race Discrimination (Count II)**

Shackelford fails to establish a *prima facie* case of race discrimination in connection with his February 2001 termination. First, Shackelford fails to establish he met Roadway Express' legitimate expectations when he called a customer a "cocksucker." Although Shackelford challenges the legitimacy of Roadway Express' expectations by claiming African American driver Stanley Johnson used similar language, Shackelford fails to offer admissible evidence supporting this assertion. Indeed, the court cannot consider the testimony of union steward Otis Moore, who admittedly does not have personal knowledge of the circumstances surrounding Mr. Johnson's alleged use of profanity towards a customer.

Even if Shackelford could establish Roadway Express tolerated the use of vulgar language by its employees, Shackelford fails to point to any other employee outside his protected class who was not terminated for directing profanity toward a customer. Stanley Johnson, who is African American, is not outside Shackelford's protected class for purposes of his race discrimination claim. Absent any evidence Roadway Express treated non-African American employees who used profanity

9

more favorably, Shackelford cannot establish a *prima facie* case of race discrimination in connection with his February 2001 termination.

### C. February 2001 Termination - Retaliation (Count III)

Title VII prohibits employers from retaliating against employees who oppose unlawful employment practices covered by Title VII. 42 U.S.C. § 2000e-3(a). "The same standards governing liability under Title VII apply to § 1981 claims." *Gonzalez*, 133 F.3d at 1035. The Seventh Circuit recently clarified the proper standard for analyzing retaliation claims at the summary judgment stage. *See Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 643-44 (7th Cir. 2002)(articulating "new rule for the adjudication of retaliation cases"). Under the new rule, Shackelford can prove his retaliation claim in one of two ways. First, he may "present direct evidence (evidence that establishes without resort to inferences from circumstantial evidence) that he engaged in protected activity . . . and as a result suffered the adverse employment action of which he complains." *Id.* If he succeeds in this showing, Roadway Express may prevail on its summary judgment motion if it "presents unrebutted evidence that [it] would have taken the adverse employment action against the plaintiff even if [it] has no retaliatory motive." *Id.* Alternatively, Shackelford may prove his claim under an adaptation of *McDonnell Douglas* by showing that "after filing the charge only he, and not any similarly situated employee who did not file a charge, was subject to an adverse employment action even though he was performing his job in a satisfactory manner." *Id.* If he succeeds in this showing, Roadway Express may prevail on its motion for summary judgment if it "presents unrebutted evidence of a non-invidious reason for the adverse action." *Id.*

Neither party addresses Shackelford's retaliation claim under the *Stone* criteria. In any event, Shackelford fails to present evidence sufficient to meet his burden under either method of proof. Shackelford cannot succeed under the first method because he does not rely on direct evidence to support his retaliation claim. *See Radue*, 219 F.3d at 616 ("direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus").

10

Shackelford's claim similarly fails under the second method because he cannot prove he was satisfactorily performing his job duties or he was treated less favorably than other employees who did not file a charge. Indeed, Shackelford does not present any evidence that any alleged comparative, including Stanley Johnson, did not file a discrimination charge. Under these circumstances, Shackelford cannot establish a claim for retaliation under Title VII or § 1981.

**III.     Pretext**

Even if Shackelford could establish a *prima facie* case of race discrimination or a retaliation claim under *Stone*, he has not established the pretext necessary to withstand summary judgment. If Shackelford establishes a *prima facie* case, the burden of production shifts to Roadway Express to produce a legitimate, non-discriminatory reason for the adverse employment action. *Foster*, 168 F.3d at 1035; *Stone*, 281 F.3d 643-44. If Roadway Express sets forth a legitimate justification, the burden then shifts back to Shackelford to prove that Roadway Express' reason is a mere pretext for discrimination. *Id.* The ultimate burden of persuasion remains at all times with Shackelford. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993).

Shackelford does not dispute that Roadway Express offers legitimate non-discriminatory reasons for his terminations. Indeed, Roadway Express' burden of production is "quite light" and "the mere articulation of the reason . . . puts the onus back on the plaintiff to prove pretext." *Flores v. Preferred Technical Group*, 182 F.3d 512, 515 (7th Cir. 1999). Roadway Express claims Shackelford was terminated in November 2000 for walking off the job after refusing to answer a supervisor's questions during an accident investigation and in February 2001 for calling a customer a "cocksucker." The burden then shifts back to Shackelford to show that Roadway Express' reasons for his terminations are pretextual.

Shackelford may establish pretext either directly, by showing Roadway Express' decisions to terminate were more likely than not motivated by discriminatory reasons, or indirectly, by showing that Roadway Express' reasons are unworthy of belief. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Worth*, 276 F.3d at 265-66. "The indirect method requires some

11

showing that (1) the defendant's explanation has no basis in fact, or (2) the explanation was not the real reason, or (3) the reason stated was insufficient to warrant the termination." *Worth*, 276 F.3d at 266. Shackelford has not presented direct evidence of pretext. Therefore, he must show that Roadway Express lied about its reasons for terminating him.

Shackelford claims he was terminated in November 2000 because Saviano is a racist. In support of his claim, Shackelford claims Saviano used the word "nigger" at work one time several years ago, uttered an unspecified "racially colored comment" during the accident investigation and said "I'm going to get that boy" around the time of his termination. Drawing every inference in Shackelford's favor, Saviano's comments are insufficient to establish the reason for Shackelford's November 2000 discharge was false.

"[E]ven in an indirect proof case, [discriminatory] remarks unrelated to the employment decision in question may not overcome summary judgment if they stand alone as evidence of the employer's discriminatory intent." *Huff v. UARCO, Inc.*, 122 F.3d 374, 385 (7th Cir. 1997). There is no question Saviano's use of a racial slur at work is unrelated to the decision to terminate Shackelford's employment. Moreover, Saviano's unspecified "racially colored comment" during the accident investigation and subsequent statement, "I'm going to get that boy," are simply too vague to inculpate Roadway Express for race discrimination. Indeed, Shackelford's subjective interpretation that Saviano's statements were racial in nature is not controlling. *See Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997), *quoting Mills v. First Federal Savings & Loan Ass'n*, 83 F.3d 833, 841-42 (7th Cir. 1996)("[I]f the subjective beliefs of plaintiffs in employment discrimination cases could, by themselves, create genuine issues of material fact, then virtually all defense motions for summary judgment in such cases would be doomed"). In sum, Saviano's comments taken together do not establish Roadway Express lied about the reason for Shackelford's November 2000 termination. *See Hoffman v. MCA, Inc.*, 144 F.3d 1117, 1124 (7th Cir. 1998)(comments that "you're getting old," we need "fresh legs" in Chicago and another employee is an "old-fashioned hack salesman" insufficient to establish pretext in age discrimination

case). Without any evidence that Roadway Express' decision to terminate him in November 2000 was based on his race, Shackelford's race discrimination fails as a matter of law.

Shackelford also fails to show Roadway Express' reasons for his February 2001 discharge were a pretext for discrimination or retaliation. Shackelford first claims the Lees' letter to Roadway Express contains a forged signature. Even if Shackelford's allegation is true, the Lees confirmed they wrote the letter. Indeed, the Lees confirmed the letter's contents, including their allegation that Shackelford called Mr. Lee a "cocksucker." Shackelford next claims Kaminski told Ms. Lee that Shackelford had a bad attitude and had been trying to terminate Shackelford for months or years. Once again, a single ambiguous comment standing alone cannot support an inference of pretext. *See, e.g., O'Connor v. DePaul University*, 123 F.3d 665, 672 (7th Cir. 1997)(plaintiff "may not overcome summary judgment if [stray remarks] stand alone as evidence [of pretext]"). Finally, Shackelford takes issue with Roadway Express' investigation of the Lees' complaint. Roadway Express' investigation may have been "imprudent, ill-informed [or] inaccurate," but unless Shackelford shows the reason given by Roadway Express for his termination was a lie, his discrimination and retaliation claims fail as a matter of law. *See Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 677 (7th Cir. 1997).

## CONCLUSION

Roadway Express is entitled to judgment as a matter of law on all claims advanced by Shackelford.

January 2, 2003                                    ENTER:

                                                   Suzanne B. Conlon
                                                   United States District Judge