# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1167 | **DATE** | 2/11/2003 |
| **CASE TITLE** | SHACKELFORD vs. ROADWAY EXPRESS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) [60-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 12 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 2/11/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB courtroom deputy's initials | | 03 FEB 11 PM 2:19 | PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE SHACKELFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1167 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ROADWAY EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED FEB 12 2003**

## MEMORANDUM OPINION AND ORDER

Darryl Wayne Shackelford ("Shackelford") sued Roadway Express, Inc. ("Roadway Express") for race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically, Shackelford claimed Roadway Express terminated him in November 2000 based on his race, but reinstated him shortly thereafter. According to Shackelford, Roadway Express subsequently terminated him in February 2001 based on his race and in retaliation for filing a discrimination charge. The court granted Roadway Express' motion for summary judgment. Shackelford moves for reconsideration. *See* Fed. R. Civ. Pro. 59(e).

## DISCUSSION

### I. Standard of Review

Motions to reconsider are not at the disposal of parties who want to 'rehash' the same arguments. *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion for reconsideration is appropriate only when:

1



the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Indeed, the court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288.

## II. The Motion for Reconsideration

Shackelford ignores the standard governing his motion for reconsideration. In fact, his claims have become a moving target. The reconsideration motion asserts arguments that he failed to make in his summary judgment response. In his reply, Shackelford reiterates arguments included in his summary judgment response, but were not included in his reconsideration motion. "[A] lawsuit is not a game of hunt the peanut. Employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes . . .'" *Greer v. Board of Education of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001), *citing Waldridge v. American Hoeschst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1993). *See also Colburn v. Trustees of Indiana Univ.*, 973 F.2d 581, 593 (7th Cir. 1992)(a plaintiff "cannot leave it to this court to scour the record in search of factual or legal support for" his claims). On this basis alone, the reconsideration motion should be denied. *See Id.* In any event, the motion fails on the merits.

Shackelford claims the court misapprehended several key disputed facts in granting Roadway Express' summary judgment motion. However, irrelevant or unnecessary facts do not preclude

2

summary judgment even when they are disputed because the issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). A factual issue is genuine only if the evidence could support a verdict for Shackelford. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Shackelford fails to show how any of the identified facts support his discrimination and/or retaliation claims. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)(ultimate burden of persuasion remains at all times with the plaintiff).

### III. *Prima Facie* Case

#### A. November 2000 Termination - Race Discrimination

In granting summary judgment, the court found Shackelford failed to establish a *prima facie* case of race discrimination in connection with his November 2000 termination. Specifically, Shackelford failed to establish he met Roadway Express' legitimate performance expectations. He further failed to show Roadway Express treated similarly situated employees outside his protected class more favorably. Shackelford claims the court did not fully appreciate the relevant facts in deciding these two issues against him.

#### 1. Legitimate Expectations

Shackelford first claims the court did not consider an earlier argument with supervisor Michael Saviano in finding that he failed to prove he met Roadway Express' legitimate expectations during an accident investigation. Shackelford failed to make this argument in his response to the summary judgment motion. *See* Resp. at 3. In any event, Shackelford fails to explain how his earlier argument with Saviano proves Roadway Express' expectation that he participate in the accident investigation was not legitimate.

According to Shackelford, Saviano yelled and screamed at him, accused him of not cooperating and told him he would receive a disciplinary letter and to get out of his office. Pl. Facts at ¶ 33. At some point, Saviano said "I'm going to get that boy." Although Shackelford claims Saviano made the comment "only hours" prior to the investigation, the record does not reveal when the comment was made. As Roadway Express points out, Shackelford testified that he did not recall when Saviano made the comment. Def. Resp. at 3, *citing* Shackelford Dep. at 270-71. Indeed, Shackelford acknowledged that Saviano may not have made the comment the day he was terminated. *Id.* at 271-72. The unanswered question as to when Saviano made the comment does not create a genuine issue of fact. *Essex v. United Parcel Service, Inc.*, 111 F.3d 1304, 1311 (7th Cir. 1997). ("[p]laintiffs cannot create issues of fact by pointing to the ambiguity of their own evidence"). Apparently recognizing the problem, Shackelford abandoned this argument by failing to address it in his reply.

Shackelford next claims the lack of a written accident investigation policy establishes Roadway Express' request was not legitimate. However, a written policy is unnecessary to establish the legitimacy of a job related request. *Essex*, 111 F.3d at 1310-11. Like the defendant in *Essex*, Shackelford was terminated after refusing to comply with his employer's direct order. *Id.* Roadway Express claims Shackelford walked off the job after refusing to demonstrate how he was injured. "[T]he mere fact that [Roadway Express] had no [written accident investigation] policy does not suggest" its request was not legitimate. *Id.* at 1311.

Finally, Shackelford claims the court erroneously found he refused to participate in the investigation. According to Shackelford, he informed Saviano that he would demonstrate how he had been injured after he received medical attention for his injury. Motion at 7, *citing* Pl. Facts at

4

¶ 48. Shackelford's excuse for failing to participate in the investigation does not change the fact that he did not comply with Roadway Express' request to demonstrate how he was injured. *See Fortier v. Ameritech Mobile Communications, Inc.*, 161 F.3d 1106, 1114 (7th Cir. 1998)(employee's subjective assessment of his performance does not create a genuine issue of fact as to the employer's contrary evaluation of the employee). The court's "role is not to second guess the business decisions of a company" and inquire as to whether the employer demands 'too much' from its employees. *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1091 (7th Cir. 2000). Rather, the court need only determine if the employee met the employer's legitimate expectations. *Id.* at 1090. Although Shackelford asks, "why couldn't Saviano wait until after Shackelford returned from the hospital to conduct his investigation?," he has not presented any reason why Roadway Express was required to wait. Shackelford does not claim his injury prevented him from participating in the investigation on Roadway Express' terms.

Despite his ability to participate in the investigation, Shackelford claims Roadway Express' request was "not only draconian, but totally unreasonable." Motion at 5. An employer does not violate Title VII or § 1981 by being draconian or unreasonable. "No matter how medieval a firm's practices, not matter how high-handed its decisional process, no matter how mistaken the firm's managers, Title VII and § 1981 do not interfere." *Pollard v. Rea Magnet Wire Co., Inc.*, 824 F.2d 557, 560 (7th Cir. 1987). Absent a showing that Roadway Express' request was based on race, Shackelford is not entitled to relief.

## 2. Similarly Situated Employees

Nor can Shackelford establish similarly situated employees outside his protected class were treated more favorably. According to Shackelford, "it strains every notion of credibility to suggest

5

Saviano has never had the opportunity to conduct a similar accident investigation to Shackelford's given that one of Saviano's primary job responsibilities was to investigate equipment failure and injuries." Motion at 8. If true, Shackelford should have been able to advance evidence of one of these alleged opportunities. His failure to do so dooms his race discrimination claim.

Shackelford claims Saviano failed to conduct an investigation into the circumstances surrounding the injuries of Caucasian employees James Dillenbeck and Joseph Ivancintes. However, he fails to present any evidence Saviano had an opportunity to conduct such an investigation. As an initial matter, Shackelford claims "Saviano was fully aware of Ivancintes injury." Reply at 4, *citing* Pl. Facts at ¶ 69; Def. Facts at ¶ 43. Although Shackelford raised this issue in his reply, he failed to include a similar argument in his motion. In any event, the cited evidence does not support Shackelford's unequivocal statement. Indeed, ¶ 69 of Shackelford's statement of facts relates to Dillenbeck and ¶ 43 of Roadway Express' statement of facts deals with Saviano's job duties.

Shackelford's evidence regarding Dillenbeck is similarly flawed. He fails to establish when Saviano learned of Dillenbeck's injury. Contrary to Shackelford's contention, Saviano's knowledge of Dillenbeck's injury does not establish he had the opportunity to conduct an investigation at the time injury occurred and failed to do so. Nor has Shackelford established Dillenbeck's accident involved comparable facts and circumstances. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)(comparable employees "must have engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them"). Dillenbeck hurt himself tripping on a customer's step, whereas Shackelford injured himself due to an alleged equipment failure on his truck. Saviano Dep. at 54-55. Saviano was able to conduct an investigation into Shackelford's injury because Shackelford drove his truck back to the

yard. Absent evidence Shackelford is similarly situated to Ivancintes or Dillenbeck, his race discrimination claim fails as a matter of law.

**B.     February 2001 Termination - Race Discrimination**

In granting the summary judgment motion in connection with Shackelford's February 2001 termination, the court found Shackelford failed to establish he met Roadway Express' legitimate expectations and Roadway Express treated similarly situated employees outside his protected class more favorably. Once again, Shackelford claims the court did not appreciate all relevant facts in granting the motion.

**1.     Legitimate Expectations**

Shackelford claims the court disregarded evidence regarding African-American employee Stanley Johnson in finding he did not meet Roadway Express' legitimate expectations when he called a customer a "cocksucker." Motion at 7, *citing* Pl. Facts ¶¶ 133-137. In his response to the summary judgment motion, Shackelford conceded he did not meet Roadway Express' legitimate expectations, but argued Johnson was given a pass when he used vulgar language. *See* Resp. at 4. When a plaintiff alleges that other employees were not meeting the employer's expectations, but the employer selectively punished the plaintiff for discriminatory reasons, the plaintiff is not required to show he met the employer's legitimate expectations. *Curry v. Menards, Inc.*, 270 F.3d 473, 478 (7th Cir. 2001), *citing Flores v. Preferred Technical Group*, 182 F.3d 512, 515 (7th Cir. 1999). However, Shackelford cannot establish he was singled out for discipline based on his race because Johnson is African-American. *Id.* As a result, Shackelford was required to establish he met Roadway Express' legitimate expectations. His use of profanity with a customer shows that he did not meet those expectations.

## 2. Similarly Situated Employees

Even if Shackelford could establish Roadway Express tolerated the use of vulgar language by its employees, he fails to point to any other employee outside his protected class who was not terminated for directing profanity toward a customer. According to Shackelford, the court failed to consider evidence regarding two Caucasian employees. Motion at ¶ 9, citing Pl. Facts at ¶¶ 127, 131. Shackelford failed to make this argument in his response to the summary judgment motion. *See* Resp. at 4.

Moreover, the court cannot consider ¶¶ 127 and 131 of Shackelford's statement of facts, based entirely on the testimony of Otis Moore. As the court pointed out in granting summary judgment, the court cannot consider the testimony of Moore, who admittedly does not have personal knowledge of the discipline the alleged similarly situated employees received. Even if the court considered Moore's testimony, he failed to identify a single instance where a Caucasian employee directed profanity toward a customer. *See Oest v. Illinois Dep't of Corrections*, 240 F.3d 605, 615 (7th Cir. 2001)(uncorroborated generalities are insufficient to support a discrimination claims). As a result, Shackelford failed to offer any evidence that Roadway Express treated non-African American employees who used profanity more favorably.

## C. February 2001 Termination - Retaliation

Shackelford claims the court erred in granting summary judgment on his retaliation claim. Shackelford argues he presented evidence he satisfactorily performed his job duties and he was treated less favorably than other employees who did not engage in protected activity. Shackelford's arguments lack merit.

Shackelford first claims the record establishes his alleged comparatives did not engage in protected activity. Motion at 9-10, *citing* Def. Response to Pl. Facts at ¶ 15; Pl. Facts at ¶ 117; Def. Motion at 10. Shackelford failed to present this evidence in responding to the summary judgment motion. *See* Resp. at 6. Nor do the cited materials support Shackelford's claim. To the contrary, the cited pages from terminal manager Glenn Kaminski reveal that others complained about discrimination. Kaminski Dep. at 106-07. The record does not reveal whether these individuals were similarly situated to Shackelford.

Shackelford next claims his prior record demonstrates he was satisfactorily performing his job duties at the time of discharge. His prior record is irrelevant to whether he met Roadway Express' expectations at the time of his discharge. *Grayson v. O'Neill*, 308 F.3d 808, 818 (7th Cir. 2002). Indeed, Shackelford failed to establish he met Roadway Express' legitimate expectations when he called a customer a "cocksucker." Therefore, summary judgment on his retaliation claim was appropriate.

## IV. Pretext

Shackelford claims the court erred in finding he had not established pretext. He claims the court failed to consider the following in connection with his November 2000 termination: (1) Saviano's statement, "I'm going to get that boy;" (2) his argument with Saviano the morning of his termination; (3) Roadway Express' conflicting reasons for his termination; and (4) Kaminski's representation in his termination letter that he investigated Shackelford's injury. Other than Saviano's statement, Shackelford failed to discuss this evidence in response to the summary judgment motion. *See* Resp. at 5.

Shackelford's new arguments fail to establish that Roadway Express' reason for his termination is a lie. *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). As an initial matter, he fails to establish how his earlier argument with Saviano, including Saviano's vague comment, "I'm going to get that boy," calls Roadway Express' reasons for his termination into question. "[A]ll dislike is not based on race." *Pilditch v. Board of Educ. of City of Chicago*, 3 F.3d 1113, 1119 (7th Cir. 1993). Moreover, Saviano's statement to Moore that Shackelford's refusal to demonstrate his injury was grounds for termination is consistent with Kaminski's letter terminating Shackelford for job abandonment. *See O'Connor v. DePaul University*, 123 F.3d 665, 671 (7th Cir. 1997)(use of different terminology to describe different elements of overall conduct does not create an inference of pretext). It is undisputed Shackelford left the workplace instead of demonstrating how his injury occurred. Finally, Shackelford fails to explain how an error in Kaminski's letter stating that he, rather than Saviano, conducted the investigation establishes Roadway Express' reasons for termination are a lie. *See Robinson v. PPG Industries, Inc.*, 23 F.3d 1159, 1164 (7th Cir. 1994)(plaintiff must present evidence suggesting a cover-up for a decision really based on discrimination). Kaminski admitted the mistake. Kaminski Dep. at 90. Under these circumstances, Shackelford fails to establish pretext in connection with his November 2000 termination.

Nor does Shackelford establish pretext in connection with his February 2001 termination. In granting summary judgment, the court considered and rejected Shackelford's argument Kaminski's comments to Lee established pretext. Indeed, Kaminski's comments, in combination or individually, do not suggest Shackelford was terminated based on race or for filing a discrimination charge. In determining whether an inference of discriminatory intent from stray remarks is reasonable, the court must examine "the nature of the alleged discriminatory remarks,

their relationship to the employment decision in question, the nature of the stated reason for the employer's action and the existence of other evidence calling that reason into doubt." *Fuka v. Thomson Consumer Electric*, 82 F.3d 1397, 1406 (7th Cir. 1996). Shackelford has not proffered any evidence that would, in conjunction with Kaminski's remarks, suggest the stated reason for his termination was false. To the contrary, Kaminski identified Shackelford's bad attitude and inability to get along with customers during his discussion with Lee. If anything, Kaminski's comments are consistent with Roadway Express' decision to terminate Shackelford for using profanity with a customer.

## **CONCLUSION**

Shackelford fails to establish a manifest factual error requiring reconsideration of summary judgment. Therefore, the motion to reconsider is denied.

February 11, 2003                                              ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge